No. 25,929.

VIRGIL W. JOHNSTON and THE ILLINOIS TRUST AND SAVINGS BANK, *Appellees,* v. (F. E. WEAR et al.) ASA M. SMITH and V. SMITH, *Appellants.*

SYLLABUS BY THE COURT.

EJECTMENT—*Writ of Assistance—Who May Question Writ.* Persons, not parties to an action to try the title to real property, who have been appointed by the court to take charge of and cultivate the property and account to the court for the landlord's share of the crops raised thereon, have no right to file a motion to quash a writ of assistance and the return of the sheriff thereon putting into the possession of the land the prevailing party in the action, nor to appeal from an order denying such motion, nor to appeal from an order requiring them to account for the landlord's share of the crops.

Appeal from Thomas district court; CHARLES I. SPARKS, judge. Opinion filed May 9, 1925. Appeal dismissed.

*Asa M. Smith, V. Smith,* both of Colby, and *Samuel Feller,* of Kansas City, Mo., for the appellants.

*B. Hudson, Douglas Hudson,* both of Fort Scott, and *E. H. Benson,* of Colby, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is the second appearance of this action in this court. The former opinion is found in 110 Kan. 237, 204 Pac. 141, to which reference is made for a statement of the facts which have been in litigation. From the judgment of this court, as recorded in 110 Kan. at page 237, proceedings in error were prosecuted in the supreme court of the United States, and were dismissed by that court for want of jurisdiction, on October 8, 1923. A mandate from that court was received by this court and spread upon its records, and a mandate from this court to the district court was issued. A writ of assistance was issued to put the plaintiffs in possession of the land in controversy and was executed by the sheriff on May 31, 1924.

In the judgment of the district court from which the first appeal to this court was taken the following appears:

"And now on this 17th day of June, 1920, in open court, it is stipulated and agreed between the parties that A. M. Smith and V. Smith, who are the attorneys in this case, and who are personally present in court, and who are the present occupants of the land involved in this lawsuit, shall continue to occupy and cultivate the land in question to the final termination of this action, and shall retain the moneys arising from the landlord's share of the wheat or other grain harvested therefrom in June or July, 1920, and at all subsequent times to the termination of this lawsuit, and shall pay over said monies unto whomsoever shall be finally adjudged to be the rightful owner of said land as between the plaintiffs and said defendant. And the said A. M. Smith and V. Smith in open court accept said trust, and it is ordered and adjudged by the court that the said A. M. Smith and V. Smith conduct the farming of said lands in accordance with the above stipulation, and account as per the above stipulation."

F. E. Wear died in August, 1923, and the judgment in favor of the plaintiffs for the possession of the property has not been revived against either the heirs or personal representatives of F. E. Wear, who was the only person claiming the property on the former appeal in this court. Samuel Feller, the attorney for F. E. Wear and the other defendants, appeared in the United States supreme court and argued the cause in that court on October 4, 1923. Feller then had knowledge of the death of Wear. After the return of the writ of assistance had been made, Asa M. Smith and V. Smith, who were still in possession of the land under the order of the court, filed a motion to quash that writ and the return of the sheriff thereon, on

the ground that the action had not been finally determined, because while it was pending in the supreme court of the United States the defendant Wear had died, and there had been no revivor of the case or judgment, and because Asa M. Smith and V. Smith were in possession of the land in controversy as tenants at the time the action was commenced. The judgment on the hearing of that motion, so far as is material, is as follows:

"After listening to the reading of the motion and the argument of counsel and being fully advised in the premises, the court overruled said motion to quash said writ of assistance and the return of the sheriff, and finds that the plaintiffs are entitled to the possession of all of the above-described land, the possession of which was given them as shown by the return of the sheriff on the writ of assistance, save and except that Asa M. Smith and Verni L. C. Smith, as tenants by agreements embodied in journal entry dated June 17, 1920, shall have the right to go upon said premises for the purpose of harvesting about seventy acres of growing fall wheat on the west side of said premises, and also said tenants shall have the right to hold and harvest about five acres of growing corn on the west side of the listed field, the same being a strip of land disked and prepared by said tenants Smith and Smith in the fall of 1923 and listed into corn in the spring of 1924; said five acres of land so listed into corn as aforesaid was disked and worked by the said tenants in the fall of 1923 at a date prior to the decision in this case by the supreme court of the United States in the month of October, A. D. 1923.

"The court further finds that at a previous term of this court a motion was made by the plaintiffs to have the said tenants, Asa Smith and V. Smith, make an accounting to the plaintiffs of all the rents for the years 1920, 1921, 1922 and 1923, and the court finds that an accounting under the terms of the journal entry of June 17, 1920, should be made by said tenants, and said motion is sustained.

"It is therefore ordered that Asa Smith and V. Smith as tenants render an accounting of the rents for the years above mentioned and pay into this court within ten days from this date all rent money due for the use of the above-described land for the years above mentioned."

From those orders Asa M. Smith and V. Smith appeal. They argue that because the judgment has not been revived, the writ of assistance and the action of the sheriff thereunder are entirely void, and that they cannot be rightfully put off the land and compelled to account. They were not parties to the action; they had no control over it and were not entitled to be heard in it. By stipulation of the parties and under the order of the court, Asa M. Smith and V. Smith became tenants or officers of the court for the cultivation of the land and to account for the landlord's share of the crops grown thereon. They were in effect receivers of the land appointed by the

court on the stipulation of the parties. They might be called trustees for the possession and control of the land during the litigation.

Whatever they were, they were subject to the orders of the court. They had no right to question the writ of assistance on the return thereof. When the court ordered them to account for the landlord's share of the crops it was their duty to obey. Whatever may be the rights of the parties or of their heirs or representatives on account of the failure to revive the judgment in this action, Asa M. Smith and V. Smith cannot substitute themselves for those parties nor claim their rights.

The appeal is dismissed.